UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NNEKA GEORGE AND BRIAN CONZELMAN, *on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>TD BANK, N.A., TD AUTO FINANCE LLC, TD BANK US HOLDING COMPANY, AND, TORONTO-DOMINION BANK,<br><br>Defendants. | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Civil Action No.:<br><br>_____ |

## NATURE OF CLAIM

1. This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to plaintiffs and all other employees of TD Bank, N.A., TD Auto Finance LLC, TD Bank US Holding Company, and Toronto-Dominion Bank, (collectively "TD Bank"), similarly situated, by the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*; and by applicable state law.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; and under 29 U.S.C. § 216(b) conferring jurisdiction of any civil action arising under the FLSA.

3. This Court's pendent jurisdiction for claims arising under applicable state law is also invoked.

4. Venue is appropriate in the District of Connecticut since defendants operate business in this district, including at least 70 retail locations, and named plaintiff George worked for defendants in this district.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

5. Plaintiffs Nneka George and Brian Conzelman bring their FLSA claim as a collective action under 29 U.S.C. § 216(b) ("FLSA Class"). *See* Exhibit A.

6. Plaintiffs Nneka George and Brian Conzelman bring their state law claims under Fed. R. Civ. P. 23 ("State Law Class").

7. The state law claims are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

8. The class action is maintainable under subsections (1), (2), (3) and (4) of Rule 23(a).

9. The FLSA Class is defined as all current and former employees whose primary job duty consisted of providing defendants' credit products to customers after reviewing and evaluating the loan applications against defendants' credit standards and guidelines that governed when to provide those credit products to those customers when such employees worked more than 40 hours in any workweek and were not paid the applicable statutory premium rate for overtime work. This class includes, without limitation, job titles such as Underwriter, Mortgage Loan Underwriter III Remote, Loan Underwriter II, Credit Analyst I, Credit Analyst II, Credit Analyst III, Commercial Credit Analyst, SB Underwriter I (Originations and Portfolio Management), SB Underwriter II (Originations and Portfolio Management), and all job titles performing similar duties.

10. The State Law Class is defined as all current and former employees whose primary job duty consisted of providing defendants' credit products to customers after reviewing and evaluating the loan applications against defendants' credit standards and guidelines that governed when to provide those credit products to those customers when such employees worked more than 40 hours

in any workweek and were not paid the applicable statutory premium rate for overtime work who were employed during the relevant time period. This class includes, without limitation, job titles such as Underwriter, Mortgage Loan Underwriter III Remote, Loan Underwriter II, Credit Analyst I, Credit Analyst II, Credit Analyst III, Commercial Credit Analyst, SB Underwriter I (Originations and Portfolio Management), SB Underwriter II (Originations and Portfolio Management), and all job titles performing similar duties.

11. The class includes those employees whose title has been reclassified as non-exempt.

12. The class size is believed to be over 50 employees.

13. The named plaintiffs will adequately represent the interests of the class members because they are similarly situated to the class members and their claims are typical of, and concurrent to, the claims of the other class members.

14. Common questions of law and fact predominate in this action because the claims of all class members are based on whether TD Bank's policy of not paying statutory overtime to employees who perform underwriting functions for hours worked in excess of forty per week violates applicable state laws.

15. There are no known conflicts of interest between the named plaintiffs and the other class members.

16. The class counsel, Garrison, Levin-Epstein, Richardson, Fitzgerald & Pirrotti, P.C and Thomas & Solomon LLP, are qualified and able to litigate the class members' claims.

17. The class counsel concentrate their practices in employment litigation, and their attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

18. The class action is maintainable under subsection (1) of Rule 23(b) because prosecuting separate actions by individual class members across the jurisdictions in which defendant

does business would create the risk of inconsistent adjudications, resulting in incompatible standards of conduct for defendants.

19. The class action is maintainable under subsection (2) of Rule 23(b) because plaintiffs seek injunctive relief requiring defendant to properly pay named plaintiffs and class members for all hours worked in excess of 40 hours per week at the statutorily required premium rates.

20. The class action is maintainable under subsection (3) of Rule 23(b) because common questions of law and fact predominate among the class members and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. The class is also maintainable under Rule 23(c)(4) with respect to particular legal and factual issues raised in this litigation.

## PARTIES

### A.  *Defendants*

22. Defendant TD Bank, N.A. is a subsidiary of defendant TD Bank US Holding Company, with principal places of business located in Portland, Maine and Cherry Hill, New Jersey.

23. Defendant TD Auto Finance LLC is a subsidiary of defendant Toronto-Dominion Bank, with a principal place of business in Farmington Hills, Michigan.

24. Defendant TD Bank US Holding Company is a subsidiary of defendant Toronto-Dominion Bank, and is a Delaware corporation.

25. Defendant Toronto-Dominion Bank is a Canadian corporation with its principal place of business in Toronto, Ontario, Canada.

26. TD Bank is an enterprise engaged in the sale of goods crossing interstate lines.

27. TD Bank employed 50 or more people during the relevant time of this lawsuit.

28. TD Bank is an enterprise engaged in interstate commerce whose annual gross volume of sales made is not less than $500,000.

### B. *Plaintiffs and Class Members*

29. Named plaintiff Nneka George was an employee of defendants under the relevant federal and state statutes at all relevant times. Plaintiff George worked for defendants in the state of Connecticut. Named plaintiff George typically worked over 40 hours per week.

30. Named plaintiff Brian Conzelman was an employee of defendants under the relevant federal and state statutes at all relevant times. Named plaintiff Conzelman worked for defendants in the state of Pennsylvania. Named plaintiff Conzelman typically worked over 40 hours per week.

31. The Class Members are those employees of defendants who are similarly situated, as defined above, and who were suffered or permitted to work by defendants and not paid their statutorily required rate of pay for all hours worked.

## FACTUAL BACKGROUND

32. Named plaintiffs, and other employees similarly situated to named plaintiffs, frequently worked more than 40 hours in a week and were not compensated at a rate of one-and-a-half times their regular rate as required by the FLSA and applicable state laws.

33. TD Bank is in the business of, among other things, providing credit products to customers.

34. The product TD Bank produces for its customers is loans.

35. As part of TD Bank's production process, named plaintiffs, and other employees similarly situated to named plaintiffs, had the primary duty of providing TD Bank's credit products to customers after reviewing and evaluating the loan applications against TD Bank's credit standards and guidelines that governed when to provide credit products to TD Bank's customers ("Underwriting Job Functions").

36. Such Underwriting Job Functions are integral to TD Bank's production of these products.

37. TD Bank's policy is to not pay statutory overtime to employees who perform the job functions set forth above.

38. This policy of not paying statutory overtime to employees who perform underwriting functions exists in all TD Bank facilities everywhere in the country.

39. This is a nationwide policy.

40. TD Bank's policy of not paying statutory overtime to employees who perform underwriting job functions is long-standing and, upon information and belief, has been in effect for at least six years.

41. This failure to pay overtime as required by the FLSA and applicable state laws was willful.

42. Defendants have failed to maintain adequate and required records on the hours worked by the named plaintiffs and class members as required by the FLSA and applicable state laws.

43. Defendants have failed to pay named plaintiffs' and class members' wages as required by applicable state laws.

## FIRST CAUSE OF ACTION
### *FLSA*

44. Named plaintiffs George and Conzelman reallege the above paragraphs as if fully restated herein.

45. Defendants violated its obligations under the FLSA and are liable to named plaintiffs George and Conzelman and those plaintiffs similarly situated.

## SECOND CAUSE OF ACTION
### *Failure to Pay Overtime*

46. Named plaintiffs George and Brian Conzelman reallege the above paragraphs as if fully restated herein and incorporate by reference the allegations in the paragraphs below.

47. Pursuant to state laws, including Conn. Gen. Stat. §§ 31-60 and 31-76c, Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.104, and all other applicable state laws, employers must pay employees one and one-half times the regular rate at which they are/were employed for all hours worked over forty (40) per work week.

48. Defendants violated their obligations under the applicable state laws, including without limitation Conn. Gen. Stat. §§ 31-60, 31-76c and Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.104, because they regularly and repeatedly failed to pay employees at a rate not less than one-and-a-half times their regular rate of pay for all hours worked in excess of forty per week, and are liable to named plaintiffs George and Conzelman, and those plaintiffs similarly situated.

## THIRD CAUSE OF ACTION
### *Failure to Provide Timely Wage Payments*

49.  Named plaintiffs George and Conzelman reallege the above paragraphs as if fully restated herein and incorporate by reference the allegations in the paragraphs below.

50.  Defendants willfully withheld the agreed upon wages in violation of state laws, including Conn. Gen. Stat. § 31.71b, Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.*, and all applicable state laws, and are liable to named plaintiffs George and Conzelman, and those plaintiffs similarly situated.

**WHEREFORE**, plaintiffs demand judgment against defendant in their favor and that they be given the following relief:

  a) an order preliminarily and permanently restraining defendants from engaging in the aforementioned pay violations; and

  b) an award to plaintiffs of the value of the hours and wages, including overtime pay, which were not properly compensated under the FLSA and applicable state law; and

  c) liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to plaintiffs; and

  d) liquidated damages under applicable state laws including without limitation, Conn. Gen. Stat. § 31-58, *et seq.*;

  e) all relief available under PMWA and WPCL including, without limitation, additional damages such as 25% of Plaintiffs' and Class Members' unpaid wages or $500, whichever is greater, and an additional amount equal to the unpaid wages; and

  f) an award of attorneys' fees, expenses, expert fees and costs incurred by plaintiffs in vindicating their rights; and

  g) an award of pre- and post- judgment interest; and

  h) such other and further legal or equitable relief as this Court deems to be just and appropriate.

Dated: November 30, 2012

Respectfully submitted,

*[signature]*

**GARRISON, LEVIN-EPSTEIN, RICHARDSON, FITZGERALD & PIRROTTI, P.C.**
Joseph Garrison, Esq.
405 Orange Street
New Haven, Connecticut 06511
(203) 777-4425
jgarrison@garrisonlaw.com

**THOMAS & SOLOMON LLP**
J. Nelson Thomas, Esq. (*pro hac vice admission anticipated*)
Sarah M. Born, Esq. (*pro hac vice admission anticipated*)
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
sborn@theemploymentattorneys.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NNEKA GEORGE AND BRIAN CONZELMAN, *on behalf of themselves and all others similarly situated*,<br><br>                              *Plaintiffs*,<br>v.<br><br>TD BANK, N.A., TD AUTO FINANCE LLC, TD BANK US HOLDING COMPANY, AND, TORONTO-DOMINION BANK,<br><br>                              *Defendants*. | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>Civil Action No.: |

## JURY TRIAL CLAIM

The plaintiffs, Nneka George and Brian Conzelman, claim a trial by jury on all claims triable by jury.

Dated:  November 30, 2012

Respectfully submitted,

*[signature]*

GARRISON, LEVIN-EPSTEIN,
RICHARDSON, FITZGERALD & PIRROTTI,
P.C.
Joseph Garrison, Esq.
405 Orange Street
New Haven, Connecticut 06511
(203) 777-4425
jgarrison@garrisonlaw.com

**THOMAS & SOLOMON LLP**
J. Nelson Thomas, Esq. (*pro hac vice admission anticipated*)
Sarah M. Born, Esq. (*pro hac vice admission anticipated*)
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540
nthomas@theemploymentattorneys.com
sborn@theemploymentattorneys.com